## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARION DIABATE, on behalf of herself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | |
| | : | Collective and Class Action Complaint |
| MV TRANSPORTATION, INC. | : | |
| | : | Jury Trial Demanded |
| Defendant | : | |
| | : | |
| | ; | |
| | : | |

## **COMPLAINT**

### PRELIMINARY STATEMENT

On behalf of herself and a class of MV Transportation, Inc., hourly paratransit employees in Pennsylvania (hereinafter "the Class"), Plaintiff Marion Diabate (hereinafter "Plaintiff" or "Diabate") seeks redress for underpayment of wages and overtime pay against MV Transportation, Inc. (hereinafter "MV Transportation" or "Defendant"). Defendant is in the business of providing paratransit and other transportation services nationally and locally. Plaintiff and the Class are employees employed by Defendant as hourly paratransit drivers at Defendant's Philadelphia, Pennsylvania location (hereinafter "Class"). Defendant MV Transportation operates under agreements with third parties to provide paratransit services to elderly and/or disabled individuals. Defendant routinely fails to pay Plaintiff and the Class properly in accordance with federal and state wage and hour laws. As relief from these systematic and class-wide unlawful practices, Plaintiff and the Class seek declaratory and

1

injunctive relief, as well as immediate payment of wages owed to the Class, liquidated damages, interest, attorneys' fees and costs, and any other relief that the Court may deem just and proper.

## INTRODUCTION

1.      This is an action brought by Plaintiff Marion Diabate on behalf of herself and a class of hourly-paid paratransit employees employed by MV Transportation at its Philadelphia, Pennsylvania location.  Plaintiff and the Class bring this action against Defendant seeking redress for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act of 1968 (hereinafter "PMWA"), 43 P.S. § 333.101, *et seq.,* the Pennsylvania Wage Payment and Collection Law (hereinafter "WPCL"), 43 P.S. §§ 260.1, *et seq.,* in order to, *inter alia*, recover unpaid and overtime wages due.

2.       Plaintiff brings this action individually and as a collective action under the FLSA, 29 U.S.C. §§ 207 and 216(b), on behalf of a class of similarly situated employees of Defendant, to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs for Defendant's willful failure to pay all wages, including at the overtime rate where applicable.

3.      Plaintiff brings claims individually and as a class action under Fed.R.Civ. P. 23, on behalf of a class of similarly situated employees of Defendant, to recover unpaid wages, interest, liquidated damages, attorneys' fees and costs under the PMWA and WPCL.

## JURISDICTION AND VENUE

4.      Plaintiff invokes the jurisdiction of the Court pursuant to 29 U.S.C. § 216 and 28 U.S.C. §§ 1331, 1332 and 1337.

5.      State law claims in Counts II and III are brought pursuant to this Court's supplemental jurisdiction, 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District of Pennsylvnia under 28 U.S.C. § 1391 and under 29 U.S.C. § 1132(e)(2) since the claims arose in this district.

## PARTIES

7.      Plaintiff Marion Diabate is an individual residing at 5005 Erringer Place, Apt. C, Philadelphia, PA 19144.  Plaintiff brings this suit on behalf of herself and other similarly situated employees employed by Defendant.

8.      Defendant MV Transportation is a corporation engaged in providing paratransit services nationally and locally, including in Philadelphia, Pennsylvania, with a business located at 2625 Wheatsheaf Lane, Philadelphia, Pennsylvania 19137, and corporate headquarters located at 5910 N. Central Expressway, Dallas, TX 75206.

9.      At all times relevant to this action, Plaintiff and others similarly situated were employees of the Defendant within the meaning of the FLSA.

10.     At all times relevant to this action, Plaintiff and others similarly situated were employees of the Defendant within the meaning of the PMWA.

11.      At all times relevant to this action, Plaintiff and others similarly situated were employees of the Defendant within the meaning of the WPCL.

## COLLECTIVE ACTION ALLEGATIONS

12.     Paragraphs 1 through 11 are realleged and incorporated as though fully set forth herein.

13.     Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), against Defendant as a collective action on behalf herself and all current and former non-supervisory, hourly paratransit employees of Defendant who worked at any time during the three years prior to the date of the filing of this Complaint until the date of entry of judgment in this case for Count I.

14.     Plaintiff and the class are similarly situated because they have been employed by Defendant in the same or similar positions, were or are subject to the same unlawful pay practices, and have claims based upon the same legal theory.

15.     These similarly situated employees are known to Defendants, are readily identifiable from Defendant's records.  They may be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest and attorneys' fees and cost under the FLSA.

## CLASS ACTION ALLEGATIONS

16.     Paragraphs 1through 15 are realleged and incorporated as though fully set forth herein.

17.      Plaintiff sues on her own behalf and on behalf of a Class of current and former non-supervisory, hourly paratransit employees of Defendant who worked at any time during the three years prior to the date of the filing of this Complaint until the date of entry of judgment in this case for Counts II and III.

18.      Plaintiff and the Class bring these Class claims under Federal Rule of Civil Procedure 23.

19.      The persons in the identified Class are so numerous that joinder of all members is impracticable.  Upon information and belief, from January 2011 to the present, there are over on thousand (1,000) current and former non-supervisory hourly-paid paratransit employees employed by MV Transportation in Philadelphia, Pennsylvania.

20.     Plaintiff's wage claims are typical of the wage claims of the Class because she was an hourly paid paratransit employee of Defendant who sustained damages as a result of Defendant's wage policies and practices.

21.     Plaintiff will fairly and adequately protect the interests of the Class members.

22.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members.  Among the questions of law and fact common to Plaintiff and the Class are:

a.      whether Defendant has engaged in a pattern or practice of not paying Plaintiff and the Class for all hours worked in a day;

b.      whether Defendant has engaged in a pattern or practice of not paying Plaintiff and the Class overtime for all hours worked over forty (40) in each work week;

d.      whether Defendant was obliged to pay Plaintiff and the Class for all time spent working;

e.      whether Defendant violated the MWA, 43 P.S. §§ 333.101, *et seq.*, by failing to pay Plaintiff and the Class minimum wages and overtime wages;

f.      whether Defendant violated the WPCL, 43 P.S. §§ 260.1, *et seq.,* by failing to pay Plaintiff and the Class all wages, including overtime wages, in the proper pay period; and

g.      what is the proper measure of damages for the losses suffered by Plaintiff and the Class.

23.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Class is readily identifiable from Defendant's records.

24.     Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Class members, while significant, are not great enough to enable them to maintain separate suits against Defendant.

26.     This forum is appropriate to litigate these claims of the Class because the employer is located in Philadelphia County, Pennsylvania, and a majority of the work that gives rise to the claims was performed in Philadelphia County, Pennsylvania.

27.     Defendant has acted on grounds generally applicable to the Class.

28.     Without a class action, Defendant will continue to retain the benefit of its wrongdoing, and will continue a course of action which will result in further damages to Plaintiff and the Class.

6

29.     Plaintiff and the Class envision no difficulty in the management of this action as a class action.  Counsel for Plaintiff and the Class are experienced in class action prosecution of wage and hour claims.

## STATEMENT OF FACTS

30.     Paragraphs 1 through 29 are realleged and incorporated as though fully set forth herein.

31.     Plaintiff Diabate was employed as a paratransit driver for Defendant from in or about September, 2012, through on or about December 31, 2013.

32.     Plaintiff, during her employment with Defendant, regularly worked five days per week, eight to twelve hours per day, at an hourly rate ranging from $8.50 to $9.00.

33.     At all times relevant to this lawsuit, Defendant was an enterprise within the meaning of 29 U.S.C. § 203 (r), and had annual gross revenue of more than $500,000.00.

34.     At all times relevant to this lawsuit, Defendant was an employer within the meaning of the FLSA, PMWA and WPCL.

35.     Defendant determined Plaintiff's hours of work.

36.     Upon information and belief, Defendant determined hours of work for the Class.

37.     Defendant directed Plaintiff's work day by providing paper and electronic manifests that directed Plaintiff where and when to pick up and drop off passengers.

38.     Upon information and belief, Defendant directed the work day of the Class by providing paper and electronic manifests to the Class directing where and when to pick up and drop off passengers.

39.     From Plaintiff's first day of employment with Defendant until she was no longer employed by Defendant, Plaintiff regularly worked more than forty hours per week.

40.     Upon information and belief, the Class often worked more than forty hours per week.

41.     During Plaintiff's employment with Defendant, Defendant willfully failed to compensate Plaintiff and the Class for all hours worked and at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty hours in a work week.

42.     Upon information and belief, Defendant has a policy and/or practice of not paying Plaintiff and the Class when they perform work prior to the "start time" set by Defendant.

43.     While Plaintiff was employed by Defendant, she was frequently required or permitted to work before the start time of her scheduled shift.

44.     Defendant knew or should have known that Plaintiff and the Class were performing work before their scheduled shifts.

45.     Upon information and belief, Plaintiff and the class were frequently not paid for all hours worked including time at the beginning of the work day.

46.     Upon information and belief, Defendant has a policy and/or practice of not paying Plaintiff and the Class for travel and waiting time during the workday.

47.     Upon information and belief, Plaintiff and the class were regularly not paid for all travel and waiting time during the workday.

48.     Upon information and belief, Defendant had a policy and practice that Plaintiff and the class would be paid at the end of the day until a specified time after their scheduled arrival at Defendant's facility at the end of their run.

49.     Plaintiff and the class were regularly required or permitted to work beyond the specified time after their scheduled arrival at Defendant's facility at the end of their run.

50.     Plaintiff and the class were not paid for all hours worked at the end of their run, including at the overtime rate where appropriate.

51.     Upon information and belief, on occasions when Plaintiff Diabate worked more than forty hours in a work week, Defendant did not compensate her at the rate of time-and-a-half for all hours over forty.

52.     Upon information and belief, Defendant has not paid Plaintiff and all Class members the correct wages, hourly rate, and overtime required under the FLSA, MWA, and WPCL.

53.     Throughout the period of Plaintiff's employment, Defendant willfully failed to pay Plaintiff and the Class all amounts of wages when due.

54.     Upon information and belief, Defendant failed to pay Plaintiff and the Class all wages due for all hours worked.

**COUNT I**

**FAIR LABOR STANDARDS ACT**

55.     Paragraphs 1 through 54 are realleged and incorporated as though fully set forth herein.

56.     This cause of action sets forth a claim arising under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically 29 U.S.C. § 207.

57.     Plaintiff brings the claims herein on behalf of herself and all similarly situated individuals who file with the Court consents to be Plaintiffs under the FLSA.

58.     Defendant is an employer required to pay an employee covered by the FLSA overtime wages at the rate of one and one-half times the employee's regular hourly rate for all work in excess of forty hours each week

9

59.    Section 206 of the FLSA requires an employer to pay an employee covered by the FLSA a minimum wage for each hour worked.

60.    Defendant willfully failed to pay Plaintiff and the Class both overtime compensation and other wages for hours worked.

61.    Defendant's failure to pay both overtime compensation and other types of wages when due was a willful violation of the FLSA.

62.    Defendant's willful failure to pay Plaintiff and the class their wages when due violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

63.    Defendant is liable to Plaintiff and the Class for damages in the amount of unpaid overtime wages due and owing together with an equal amount in liquidated damages, costs of this action and attorneys' fees.

64.    Plaintiff and the class are entitled to entry of a declaratory judgment that Defendant violated the FLSA.

65.    Defendant is liable to Plaintiff and the class for damages in the amount of unpaid wages due and owing together with an equal amount in liquidated damages, interest, costs of this action and attorneys' fees pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**PENNSYLVANIA MINIMUM WAGE ACT ("MWA")**

**Non-Payment of Minimum Wages and Overtime**

66.    Paragraphs 1 through 65 are realleged and incorporated as though fully set forth herein.

67.    The Class period for this claim is three years prior to the date this Complaint is filed until the time of trial.

10

68.     Plaintiff and the Class are entitled to minimum wages and overtime based on all hours worked pursuant to the PMWA.

69.     By failing to pay Plaintiff and the Class their regular hourly rate for all hours worked up to and including forty (40), and time and a half for all hours worked more than forty (40), Defendant violates the rights of Plaintiff and the Class protected by the minimum wage and overtime provisions of the PMWA, 43 P.S. §§ 333.101, and its implementing regulations.

70.     By failing to pay Plaintiff and the Class for all time spent working, Defendant violate the rights of Plaintiff and the Class protected by the minimum wage and overtime provisions of the PMWA, 43 P.S. §§ 333.104, and its implementing regulations.

71.     As a result of Defendant's violations of the PMWA set forth in this Count, Plaintiff and the Class are entitled to recover the amount of their unpaid wages and overtime, together with liquidated damages, interest, costs, and attorneys' fees pursuant to PMWA, 43 P.S. §333.113.

## COUNT III

## PENNSYLVANIA WAGE PAYMENT COLLECTION LAW ("WPCL")

### Violations of Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.*

72.     Paragraphs 1 through 71 are realleged and incorporated as though fully set forth herein.

73.     The statutory period for this cause of action is three years prior to the date of the filing of this Complaint until the time of trial.

74.     The WPCL provides in relevant part that "[e]very employer shall pay all wages, . . . due to his employes [sic] on regular pay days designated in advance by the employer.  Overtime wages may be considered as wages earned and payable in the next succeeding pay period." WPCL, 43 P.S. § 260.3.

75.     The WPCL requires Defendant to timely pay full wages due to Plaintiff and the Class, and provides statutory damages for the failure to timely pay all wages due.

76.     Defendant failed to pay Plaintiff and the Class all wages earned, including, when applicable, overtime wages, for all hours worked, within the time limits set forth in the WPCL.

77.     By their actions alleged in this Complaint, Defendant has violated the provisions of the WPCL, 43 P.S. §§ 260.1, *et seq.*

78.     As a result of Defendant's violations of the WPCL, Plaintiff and the Class are entitled to recover the amount of their unpaid wages and liquidated damages, together with costs and attorneys' fees under the WPCL, 43 P.S. §§ 260.9a and 260.10.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff, on behalf of herself and the Class, prays for judgment against Defendant and respectfully requests that the Court:

a.     determine that this action may be maintained as a collective action under the FLSA and order the mailing of notice substantially in the form attached hereto as Exhibit A to all paratransit drivers employed by Defendant in its Philadelphia, Pennsylvania location from three years prior to the filing of this Complaint to the present;

b.     determine that this action may be maintained as a class action;

c.     enter declaratory judgment that Defendant' actions violate the rights of Plaintiff and the Class under the FLSA, PMWA and the WPCL;

d.     order Defendant to fully compensate Plaintiff and the Class for all wages, including overtime, to which they are entitled under the FLSA, PMWA

and the WPCL, with such liquidated damages and interest as permitted by law;

      e.      enjoin Defendant from further violations of the FLSA, PMWA and the WPCL;

      f.      award Plaintiff and the Class liquidated damages in the amount of the greater of $500.00 for each violation, or twenty-five per cent (25%) of the total amount of wages due,  pursuant to the WPCL, 43 P.S. § 260.10;

      g.      award Plaintiff and the Class liquidated damages in the amount of one hundred percent (100%) of the total amount of wages due, pursuant to the FLSA.

      h.      award Plaintiff and the Class pre-judgment interest at the highest level rate, from and after the date of service of this Complaint in this action, on all unpaid wages and overtime from the date such wages and overtime were earned and due;

      i.      award Plaintiff and the Class reasonable attorneys' fees, court costs, and all other reasonable costs incurred in this action to the extent permitted by law; and

      j.      grant such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Class hereby demand a trial by jury for all issues triable by jury.

BRODIE & RUBINSKY, P.C.

By: _____

      Joshua P. Rubinsky, Esquire
      Attorney I.D. No. 46496
      Amy E. Galer, Esquire
      Attorney I.D. No. 209414
      Brian Dilks-Brotman, Esquire
      Attorney I.D. No. 312024
      121 South Broad Street, Suite 800
      Philadelphia, Pennsylvania 19107
      Telephone:  (215) 925-1470
      Facsimile:  (215) 925-3748
      Attorneys for Plaintiff and the Class

DATED: February 5, 2014

Z:\B&R 1 JPR\Clients\MV Wage Case 12-131\Pleadings\Complaint\Complaint MV v2 020514.docx

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARION DIABATE, on behalf of herself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | |
| | : | Collective and Class Action Complaint |
| MV TRANSPORTATION, INC. | : | |
| | : | Jury Trial Demanded |
| Defendant | : | |
| | : | |
| | ; | |
| | : | |

### VERIFICATION

I, Marion Diabate, hereby verify that I am the Plaintiff in this civil action and have knowledge of the facts set forth in the foregoing Complaint.  I further verify under penalty of perjury pursuant to 28 U.S.C. S§ 1746 that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.


_____

Marion Diabate


Date: _____

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARION DIABATE, on behalf of herself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | |
| | : | Collective and Class Action Complaint |
| MV TRANSPORTATION, INC. | : | |
| | : | Jury Trial Demanded |
| Defendant | : | |
| | : | |
| | ; | |
| | : | |

## NOTICE OF COLLECTIVE ACTION

TO: All persons who have worked for MV Transportation, Inc. as hourly paid paratransit drivers or aides for MV Transportation, Inc.'s Philadelphia, Pennsylvania location at any time between DATE and the present and who did not receive pay for all hours worked, including pay of time and one half of their regular rate for all hours worked over forty (40) in one week.

## INTRODUCTION

The purpose of this notice is to inform you of the existence of a collective action lawsuit in Federal court in which you are potentially "similarly situated" to the named Plaintiff, to adivse you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit if you choose to do so.

## DESCRIPTION OF THE LAWSUIT

On DATE, Marion Diabate filed a complaint against MV Transportation, Inc. on behalf of himself and all others similarly situated in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff alleges that Defendant failed to comply with the Fair Labor Standards Act ("FLSA") by failing to pay her as well as past and present paratransit drivers and aides all wages and overtime to which they were entitled. Specifically, Plaintiff alleges that Defendant failed to pay paratransit drivers and aides for time worked before their scheduled start time, after their scheduled end time, and during the day for travel during unpaid breaks.

1

Plaintiff seeks all unpaid wages and overtime, liquidated damages, interest and attorneys' fees and costs.

Defendants deny that they have violated the FLSA, or any other wage and hour laws, and claim that they have paid and continue to pay in accordance with the FLSA and all other applicable wage and hour laws.

## PENDING STATE LAW CLAIMS

In addition to the claims under the FLSA, Plaintiff has brought claims on behalf of herself and others similarly situated for violations of the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Those claims are also being litigated in this Court. This Notice of Collective Action does not affect your rights with regard to the state law claims.

## COMPOSITION OF THE POTENTIALLY SIMILARLY SITUATED GROUP

The named Plaintiff seeks to sue on behalf of herself and on behalf of other similarly situated individuals. Specifically, she seeks to sue on behalf of any and all individuals who meet both of the following requirements:

1. worked for MV Transportation, Inc. in its Philadelphia, Pennsylvania location at any time during the period DATE to the present as a paratransit driver or aide; and

2. were not paid for all hours worked including for some of all of their overtime hours (hours over forty (40) per week) worked.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may choose to join this action by completing, signing and dating the attached consent form. You must mail, fax, or email the form by DATE to:

MV Transportation Wage Case
Brodie & Rubinsky, P.C.
121 S. Broad Street, Suite 800
Philadelphia, PA 19107
Email MVWageCase@brodierubinsky.com
Fax (215) 925-3748

If you mail the form, it must be postmarked by the due date. If you fax or email it, it must be **received** by that date.

2

## EFFECT OF JOINING THIS SUIT

If you file a consent form and the Court later permits your claims to proceed to trial as part of the collective action, you will be bound by any judgment on the FLSA claims, whether favorable or unfavorable to the Plaintiff. You may also be required to give sworn testimony either in a deposition or in Court.

If you choose to join this collective action, you will be represented by the law firm currently representing the Plaintiff. Plaintiff's counsel is being paid on a contingent fee basis. If you join, you will not be required to pay attorneys' fees or expenses in advance. If successful, class counsel may be paid either by Defendant, or they may, either in addition to or instead of payment from Defendant, receive a percentage of any money judgment or settlement in favor of you, or others similarly situated.

If you return the consent form, you should be aware that important decisions concerning the litigation of the FLSA claim may be made on your behalf. These decisions and agreements will be binding on you if you join this lawsuit.

## NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to joint this collective action, you will not be affected by any judgment, whether it is favorable or unfavorable to the Plaintiff and the collective class. If you do not join in this collective action, you are free to file your own lawsuit.

## NO RETALIATION PERMITTED

Federal law prohibits MV Transportation or its agents from taking any action against you because you elect to join this action by filling out and returning the consent form, or if you otherwise exercise your rights under the FLSA.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, you agree to be represented by named Plaintiff through her attorney. Your counsel in this action will be:

Joshua P. Rubinsky, Esq.,
Amy E. Galer, Esq.
Brodie & Rubinsky, P.C.,
121 S. Broad St., Suite 800,
Philadelphia, PA 19107-4545
(215) 925-1470

## FURTHER INFORMATION

For further information about this lawsuit, including this notice, you may contact Plaintiff's counsel at (215) 925-1470 or by email at MVWageCase@brodierubinsky.com.

<u>Please do not contact the Court or any Court personnel for information</u>

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, HONORABLE JUDGE _____.
THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES

Z:\B&R 1 JPR\Clients\MV Wage Case\Pleadings\Complaint\Notice of Collective Action v1 012314.docx

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARION DIABATE, on behalf of herself and all others similarly situated, | : |
| Plaintiff, | : |
| | : |
| | : Civil Action No. |
| v. | : |
| | : Collective and Class Action Complaint |
| MV TRANSPORTATION, INC. | : |
| | : Jury Trial Demanded |
| Defendant | : |
| | : |

### CONSENT TO JOIN COLLECTIVE CLASS)ACTION UNDER THE
### FAIR LABOR STANDARDS ACT (29 U.S.C. §216(b))

I hereby consent and agree to pursue my claims against the Defendant arising out of federal law and Pennsylvania state law in the above referenced lawsuit.

I understand and acknowledge that this lawsuit is being brought under the Fair Labor Standards Act ("FLSA") to secure unpaid regular and overtime wages, liquidated damages, attorneys' fees and costs, and other relief arising out of my employment as a driver and/or driver's aide with Defendant. I hereby consent, agree and opt-in to become a party Plaintiff and be bound by any settlement of this action or adjudication by the Court.

I understand and acknowledge that this lawsuit is also brought under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("WPCL"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.*, as amended ("MWA") to secure unpaid regular and overtime wages, liquidated damages, attorneys' fees and costs, and other relief arising out of my employment as a driver and/or driver's aide with Defendant.

I hereby designate the Plaintiffs' attorneys to represent me in this lawsuit. My name and address are as follows:

**My name is:** _____

(First)         (Middle Initial)         (Last)

**I reside at:** _____

(Address)

_____

(City)         (State)         (Zip Code)

**My social Security Number is:** __ __ __ - __ __ - __ __ __ __

**My telephone number is:** ( __ __ __ ) __ __ __ - __ __ __ __

**My email address is:** _____

**I worked for MV Transportation, Inc. at its Philadelphia location as a paratransit driver_____ aide_____ (check all that apply).**

_____     __ __ / __ __ / __ __ __ __

*Signature*                     **Date**

Office Use Only:
Opt-In Number